IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NYKA O'CONNOR,

    Petitioner,

vs.       Case No. 4:14cv401-RH/CAS

MICHAEL D. CREWS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 on February 24, 2014, in the United States District Court, Southern District of Florida. Doc. 1. He simultaneously paid the $5.00 filing fee with the petition. On March 3, 2014, a Report and Recommendation was entered to dismiss the petition as successive and time barred. Doc. 7. The Report and Recommendation was adopted over Petitioner's objections on July 30, 2014, and the case was dismissed by United States District Judge Kathleen M. Williams. Doc. 15.

Prior to the adoption of the Report and Recommendation, Petitioner had filed an emergency motion, requesting the Court order the Florida Department of Corrections and Union Correctional Institution "to stop retaliating against him for writing grievances about the mental health" treatment Plaintiff receives. Doc. 13. Plaintiff also requests

that prison officials be required to return all personal property that was taken from him, including his legal papers. *Id.*

When Judge Williams adopted the Report and Recommendation and dismissed the case, she also noted the claims which were raised in Plaintiff's emergency motion. Doc. 15 at 3. The Order stated: "Petitioner's Emergency Motion is more properly brought as an action under 42 U.S.C. § 1983." *Id.* However, Judge Williams noted that under 28 U.S.C. § 1404(a), a "district court may transfer any civil action to any other district where it might have been brought." *Id.* Thus, the same Order that dismissed Petitioner's § 2254 petition also transferred the case to this Court to consider the emergency motion. *Id.* at 3-4.

This case was initiated on a petition for habeas relief. Doc. 1. Petitioner requested "unconditional emergency/immediate release" from incarceration. *Id.* at 15. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994); *see also* Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004) (concluding that "a petition for habeas corpus may not be 'converted' to a civil suit, nor may district judges convert suits in the other direction."); Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (explaining that federal habeas corpus petition and civil rights complaints "are mutually exclusive" avenues of relief; "if a claim can be

raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action").

As was explained in <u>Richmond v. Scibana</u>, 387 F.3d at 606, the many differences between a civil rights action and a habeas petition preclude converting this action, filed as a § 2254 petition, into a § 1983 civil rights case. Petitioner has not "followed any of the rules applicable to prisoners' general civil litigation-not only exhaustion under § 1997e(a) but also payment of the full docket fee, screening through of the three-strikes rule, and the other differences between requests for habeas corpus and general civil litigation." *Id.* Accordingly, if Petitioner desires to litigate the issues raised in the instant "emergency motion," doc. 13, Petitioner must do so by initiating a new case and filing a § 1983 civil rights complaint. Petitioner should file such a case in the Middle District of Florida because Union Correctional Institution, where Petitioner is housed and where the events about which he complains took place, is not within the jurisdiction of the Northern District of Florida. Petitioner is reminded that he must pay the entire filing fee at the time he initiates a civil rights case, should he desire to do so after exhausting administrative remedies, because Petitioner has "three strikes" and is not permitted to proceed with in forma pauperis status concerning the issues raised in that motion. 28 U.S.C. § 1915(g).[1] The emergency motion for a court order, doc. 13, must be **Denied**.

---

[1] In this Court alone, these cases were dismissed as a "strike:" (1) case number 3:06cv10-RV/MD was dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim; (2) case number 3:06cv45-RV/EMT was dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim; (3) case number 3:08cv357-LC/WCS was dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim. Additionally, case number 3:09cv143-MCR/EMT was dismissed on May 5, 2009, as barred by 28 U.S.C. § 1915(g).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's "emergency motion," doc. 13, be **DENIED** and this case be **DISMISSED** because Petitioner's § 2254 habeas petition may not be converted into a civil rights action under 42 U.S.C. § 1983.

**IN CHAMBERS** at Tallahassee, Florida, on August 14, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**